JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("State") appeals from the judgment of the trial court which granted defendant-appellee Delonta Smith's ("Smith") motion to dismiss based on a post-indictment delay. For the reasons set forth below, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On January 29, 2001, a Cuyahoga County Grand Jury returned an indictment against Smith for aggravated robbery and felonious assault for events which took place on October 7, 2000. A summons was sent to Smith's listed address, but after he failed to appear for his arraignment, a capias was issued from the arraignment room on February 13, 2001. During the sixteen-month period between the issue of the capias and Smith's receipt of the indictment, Smith was confined to the Cleveland House of Corrections on several occasions, including in March and April of 2001. On June 5, 2002, during Smith's third visit to the Cleveland House of Corrections, he was served with the indictment. Smith was arraigned on June 11, 2002. Smith filed a motion to dismiss based on the post-indictment delay. After a hearing on the matter, the trial court granted the dismissal. It is from this ruling that the State now appeals, asserting this sole assignment of error for our review:
 {¶ 3} "I. The defendant's sixth amendment right to a speedy trial was not violated due to post indictment delay."
 {¶ 4} The State maintains that the sixteen-month delay between Smith's original arraignment date and his actual arraignment was not prejudicial. We agree.
 {¶ 5} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. R.C. 2945.71 et seq. sets forth the general speedy trial requirements.
 {¶ 6} In regard to the Sixth Amendment right to a speedy trial, the Supreme Court of Ohio has stated:
 {¶ 7} "In United States v. MacDonald (1982), 456 U.S. 1, the United States Supreme Court stated the purpose of the Sixth Amendment Speedy Trial Clause:
 {¶ 8} "The Sixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges."
 {¶ 9} "In Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101, the court set forth a four-part test to determine whether the state has violated an accused's right to a speedy trial. The four factors include (1) the length of the delay, (2) the reason the government assigns to justify the delay, (3) the defendant's responsibility to assert his right to a speedy trial, and (4) the prejudice to the defendant. Barker, 407 U.S. at 530-532,92 S.Ct. at 2192-2193, 33 L.Ed.2d at 116-118. * * *
 {¶ 10} "* * * The first factor, the length of delay, is a `triggering mechanism,' determining the necessity of inquiry into the other factors. [Barkers, supra,] 407 U.S. at 530, 92 S.Ct. at 2192,33 L.Ed.2d at 117. * * * One year is generally considered enough. [Doggettv. United States (1992), 505 U.S. 647, 652, 112 S.Ct. 2686, 2691,120 L.Ed.2d 520, 528, fn 1.] State v. Triplett (1997), 78 Ohio St.3d 556,558. The United States Supreme Court has noted that the first factor, the length of the delay, involves a dual inquiry. Doggett, supra. First, a threshold determination is made as to whether the delay was `presumptively prejudicial,' triggering the Barker inquiry. Next, the length of the delay is again considered and balanced against the other factors." Id.
 {¶ 11} In this case, we find the sixteen-month delay sufficient to trigger the Barker inquiry. We therefore turn to an analysis of each factor.
A. Length of the delay
 {¶ 12} We note that in Triplett, supra, the Ohio Supreme Court found that a 54-month delay, while significant, did not infringe on the defendant's liberty where the defendant contributed to the delay. The Court reasoned that the interests which the Sixth Amendment was designed to protect — freedom from extended pretrial incarceration and from the disruption caused by unresolved charges — were not issues since the defendant was not incarcerated and was unaware of pending charges. We find the reasoning in Triplett applicable to the case at hand. The defendant in this case was periodically incarcerated during the sixteen-month delay, however, the incarceration resulted from unrelated charges. In his brief, the defendant admits that he was unaware of the pending charges against him (Appellee brief p. 4). Further, there is nothing in the record to indicate that the defendant's life was disrupted by the unresolved charges against him. We therefore find that the length of the delay weighs only slightly, if at all, in favor of the defendant.
B. Reason for the delay
 {¶ 13} In this case, the state concedes that the reason for the delay was the state's negligence in failing to notify the defendant of his indictment while he was periodically in the state's custody.
 {¶ 14} When determining if the reason for the delay should weigh in favor of the defendant or the state, we note that if a defendant caused or contributed to the delay, this factor would weigh heavily against the defendant. It follows, then that if the state purposely causes a delay, hoping to impinge on the defendant's ability to mount a defense, this factor would weigh heavily in the defendant's favor. Statev. Grant (1995), 103 Ohio App.3d 28 citing Barker, 407 U.S. at 531.
 {¶ 15} "Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground."Doggett, 505 U.S. at 656-657. Negligence, however, "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." Id. At 657. The longer the delay in this regard, the less tolerable it becomes. Id.
 {¶ 16} We agree with the defendant's contention and the state's concession that the delay was a result of the state's negligence. There was no evidence in the record that the state attempted, after the initial summons, to locate the defendant. Further, the defendant was apprehended and in the state's custody on three occasions. We find in light ofDoggett, therefore, that this negligence on the part of the state, weighs in favor of the defendant.
C. Defendant's assertion of his right
 {¶ 17} A defendant's assertion of, or failure to assert, the speedy trial right is a factor to consider in determining whether that was denied. Barker, 407 U.S. at 528. A defendant's timely assertion should be afforded moderate weight. Triplett, supra. At 570. In this case, the defendant did not fail to timely assert his speedy trial right. We therefore balance this factor and afford it moderate weight in favor of the defendant.
D. Prejudice to the defendant
 {¶ 18} "Prejudice * * * should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532. In this case, the defendant only alleges that his ability to mount a defense was impaired as a result of the delay. Impairment may be found where witnesses have died or disappeared or the length of time has resulted in witnesses being unable to accurately recall the events of the distant past. State v. Campbell
(July 14, 1999), Lorain County App. No. 97CA006973 citing Barker, supra. Further,
 {¶ 19} "Impairment may also be found when a defendant is prevented from defending himself because evidence that might have been used in his defense has been destroyed. State v. Grant, 103 Ohio App.3d at 36. When actual prejudice is demonstrated by the death of two witnesses, the unavailability of a third witness, and the loss of police records, the fourth Barker factor weighs heavily in favor of the defendant. See Dickeyv. Florida (1970) 398 U.S. 30, 38. However, the state may rebut a presumption of prejudice when a defendant's defense is `not dependent upon exculpatory evidence that might be lost or thrown away or the testimony of witnesses whose memories might fade with time." (Emphasis added.)United States v. Mundt (C.A. 6, 1994), 29 F.3d 233, 237. See, also, Statev. Worthy (July 16, 1997), Lorain App. No. 96CA006576 (loss of possible witnesses over a thirteen-month delay falls well short of establishing prejudice)." Id.
 {¶ 20} The defendant in this case has failed to establish or even allege that the sixteen-month delay prevented him from mounting a defense. The defendant merely asserts that the delay would make it difficult to locate potential witnesses in his defense.
 {¶ 21} We acknowledge that the first three factors weigh slightly in the defendant's favor, but decline to find that the defendant's speedy trial rights were violated. The absence of prejudice to the defendant in this case weighs heavily against the defendant. We therefore sustain this assignment of error.
Judgment reversed and remanded.
FRANK D. CELEBREZZE, JR., J., concurs.
PATRICIA ANN BLACKMON, P.J., dissents. (See attached dissenting opinion).